UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND MCGRAW,

    Plaintiff,

    v.                                               CAUSE NO. 3:20-CV-349-JD-MGG

HYATTE, et al.,

    Defendants.

OPINON AND ORDER

Raymond McGraw, a prisoner without a lawyer, filed a complaint against four defendants. ECF 1. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, McGraw states that from 8:30 p.m. on April 26, 2018, through 1:30 a.m. on April 27, 2018, the power at the Miami Correctional Facility was turned off. ECF 1 at 6. When the power was restored on April 27, 2018, the toilet in his cell did not work. *Id*. Because the prison had installed a new computerized module system on his toilet, he asked Officer Lowe, at about 12:30 p.m., to reset the toilet in his cell so that he could use and flush his toilet. *Id*. Officer Lowe refused to reset the toilet even though he

could see there was urine and waste floating in McGraw's toilet. *Id*. at 6-7. Because Officer Lowe also refused to call the maintenance staff, McGraw asked Officer Long, the officer-in-charge, if she would reset his toilet. *Id*. at 7. She told McGraw she would ask Officer Lowe to reset the toilet in his cell, but Officer Lowe again refused to do so. *Id*. Officer Long refused to respond to McGraw's subsequent requests for help with his toilet. *Id*.

On April 27, 2018, at 3:30 p.m., McGraw asked Officer Lowe to take him to the center bathroom, which was used by the prison's officers, and to move him to another cell that had a working toilet and sink, but he refused to do so. ECF 1 at 8. He claims he then began to have severe headaches and nausea from inhaling the waste that had been accumulating in his toilet since 8:30 p.m. on April 26, 2018. *Id*. However, McGraw states that he had no other choice but to continue use his toilet, despite the large build-up of waste. *Id*.

Later in the evening on April 27, 2018, McGraw told Officers Bengal and Wright that his toilet was not working. ECF 1 at 8. Officers Bengal and Wright contacted their supervisor to get permission to take McGraw to another building to use the bathroom. *Id*. While he was waiting to be taken to another bathroom, he urinated on himself and, after he was taken to the bathroom, he defecated on himself as he was entering the bathroom. *Id*.

During the last several days of April 2018, McGraw's continued to have the same issues with his toilet. ECF 1 at 9-10. On April 28, 2018, he once again asked Officer Lowe if he could use the center bathroom, but Officer Lowe refused to allow him to do so. *Id*.

2

at 9. On April 29, 2018, McGraw asked Officer Rodriguez to look at his toilet. *Id*. He was able to fix McGraw's toilet to the extent that it could be flushed once. *Id*. at 10. On April 30, 2018, Officer Burns was able to reset McGraw's toilet several times. *Id*. at 10.

McGraw's toilet did not work from May 1, 2018, to May 3, 2018. ECF 1 at 10-12. On May 1, 2018, McGraw used the intercom system to request that his toilet be reset, but no one responded. ECF 1 at 10. On May 2, 2018, and May 3, 2018, McGraw asked Officers Long and Lowe to reset his toilet, but they refused to do so. *Id*. On May 3, 2018, he also asked Mr. Stirjall, a maintenance worker, to fix his toilet, but Mr. Stirjall would not come to his cell. *Id*. at 11. On May 4, 2018, McGraw claims that after he showed officers his inmate request forms documenting his attempts to have his toilet fixed, Mr. Stirjall came to his cell to work on his toilet. *Id*. He asserts that, while Mr. Stirjall could not fix his toilet, he was able to rig the computer module in such a way that the toilet could be flushed when cold water was running. *Id*. at 11-12. A specialist was later contacted who was able to fix the toilet. *Id*. at 14.

On May 9, 2018, McGraw filed grievances against Officers Long and Lowe, and Mr. Stirjall because his toilet was still not working properly. ECF 1 at 14. He states that these defendants refused to fix his toilet, and Officers Long and Lowe would not escort him to another bathroom or provide him with a cell that had a working toilet and sink. *Id*. As a result of using the unsanitary toilet for nine days, McGraw developed cysts and a severe infection on his left buttock. *Id*. at 15. He was prescribed antibiotics to treat his infection. *Id*. at 16. Thus, McGraw claims that Officers Long and Lowe, and Mr. Stirjall

3

were deliberately indifferent to a prison condition that exposed him to an unreasonable risk of serious harm that violated his Eighth Amendment rights. *Id*. at 17.

In evaluating an Eighth Amendment conditions of confinement claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

As to the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference"). Giving McGraw the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment conditions of confinement claim

4

against Officers Long and Lowe because—over a period of nine days—they refused to reset his toilet, contact the maintenance staff, and move him to cell with a working toilet and sink. Therefore, he may proceed against these two defendants.

To the extent McGraw claims Mr. Stirjall violated his Eighth Amendment rights, the facts in this case do not establish that Mr. Stirjall was deliberately indifferent to McGraw's request to fix his toilet. While McGraw claims that Mr. Stirjall did not come to his cell after he asked him to check his toilet on May 3, 2018, McGraw has not alleged facts to show that Mr. Stirjall knew that McGraw was at serious risk of contracting an infection because his toilet had collected urine and waste. Furthermore, the next day, on May 4, 2018, when prison officers asked Mr. Stirjall to check McGraw's toilet, he was able to rig the computer module on the toilet in such a way that it could be flushed when cold water was running. Because Mr. Stirjall refused to fix McGraw's toilet on only once occasion, and attempted to fix it the very next day, his actions do not constitute deliberate indifferent and McGraw may not proceed against Stirjall on his Eighth Amendment claim.

McGraw also contends that Officer Lowe threatened to retaliate against him because he filed a grievance stating that Officer Lowe refused to reset his toilet or move him to another cell that had a working sink and toilet, and also violated prison policy by not allowing him to use a toilet every twelve hours. ECF 1 at 14. McGraw states that Officer Lowe told him that his grievance would not "go anywhere" and he would have him kicked out of his prison recovery program. *Id*. Thus, according to McGraw, Officer

5

Lowe violated his First Amendment rights by threatening to retaliate against him after he engaged in protected conduct.

"To prevail on his First Amendment retaliation claim, [McGraw] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). "A prisoner has a First Amendment right to make grievances about conditions of confinement." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). Because McGraw has alleged only that Officer Lowe threatened to retaliate against him, he may not proceed on his First Amendment claim against Officer Lowe.

Furthermore, McGraw, who is African American, asserts that Officers Long and Lowe treated similarly situated Caucasian prisoners, whose toilets also did not work in April 2018, more favorably than him. ECF 1 at 13. He states that these officers called the maintenance staff to assist Caucasian prisoners in getting their toilets fixed but refused to do so for him. *Id*. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . .." *Id*. at 719–20 (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)); *see also David K. v. Lane*, 839 F.2d 1265, 1271–72 (7th Cir. 1988) (collecting cases and noting

6

discrimination must be intentional, purposeful, or have a discriminatory motive). Thus, McGraw must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Id.* Because McGraw has alleged facts that show Officers Long and Lowe intentionally discriminated against him when they contacted the maintenance staff for Caucasian inmates whose toilets were not working, he may proceed on this claim.

McGraw has also sued Warden Hyatte because McGraw sent Warden Hyatte a letter in which he reported Officer Lowe's conduct, but he did nothing to help him. ECF 1 at 16. A § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). Because Warden Hyatte was not personally involved in the incident involving McGraw's toilet, he cannot be held liable simply because he oversees the operation of the prison or supervises other correctional officers. Therefore, McGraw cannot proceed against Warden Hyatte.

For these reasons, the court:

(1) GRANTS Raymond McGraw leave to proceed against Officer Long and Officer Lowe in their individual capacities for nominal, compensatory, and punitive damages for failing to reset his toilet, contact the maintenance staff, and move him to cell with a working toilet and sink for a period of nine days, in violation of the Eighth Amendment;

(2) GRANTS Raymond McGraw leave to proceed against Officer Long and Officer Lowe in their individual capacities for nominal, compensatory, and punitive damages for intentionally discriminating against him by refusing to contact the maintenance staff because he is African American, in violation of the Equal Protection Clause of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Warden Hyatte and Mr. Stirjall;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Long and Officer Lowe at Miami Correctional Facility with a copy of this order and complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Miami Correctional Facility to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Long and Officer Lowe respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 28, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT