UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND MCGRAW,

        Plaintiff,

        v.                                              CAUSE NO. 3:20-CV-349-JD-MGG

LOWE and LONG,

        Defendants.

OPINION AND ORDER

Raymond McGraw, a prisoner without a lawyer, is proceeding in this case "against Officer Long and Officer Lowe in their individual capacities for nominal, compensatory, and punitive damages for failing to reset his toilet, contact the maintenance staff, and move him to a cell with a working toilet and sink for a period of nine days, in violation of the Eighth Amendment[.]" ECF 9 at 7. The defendants filed a motion for summary judgment, arguing McGraw did not exhaust his administrative remedies before filing suit. ECF 24. McGraw filed a response, and the defendants filed a reply. ECF 31, 35. McGraw also filed a cross motion for summary judgment, and the defendants filed a response. ECF 37, 46. The summary judgment motions are now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the

administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

In their summary judgment motion, the defendants argue McGraw did not exhaust his administrative remedies because he never submitted a Level II appeal to the Department Grievance Manager for any of his grievances. ECF 25 at 10-11. The defendants submit McGraw's grievance records, which show he complained of the incident alleged in his complaint in Grievances 102405, 102408, and 102409, each of which he submitted to the grievance office on May 23, 2018. ECF 24-4 at 2, 9, 18. On June 18, 2018, the grievance office denied all three grievances. *Id.* at 1, 8, 17. On June 26, 2018, McGraw submitted Level I appeals for all three grievances to the Warden. ECF 24-5, 24-6. On each grievance appeal form, McGraw prematurely checked, signed, and dated the box indicating he disagreed with the Warden's Level I response and wanted to submit a Level II appeal to the Department Grievance Manager. *See id.* On July 3, 2018, the Warden reviewed and denied the Level I appeals of Grievances 102405 and 102408. ECF 24-5, 24-6 at 1. On July 5, 2018, the Warden reviewed and denied the Level I appeal of Grievance 102409. ECF 24-6 at 2. The Grievance Specialist attests McGraw never returned any of these three appeal forms after they had been denied by the Warden, as was necessary to submit a Level II appeal to the Department Grievance Manager. ECF 24-1 at 7; ECF 24-2 at 3 (providing that the complete offender grievance process consists of (1) a formal grievance, (2) a Level I appeal to the Warden, and (3) a Level II appeal to the Department Grievance Manager); ECF 24-5, 24-6 (instructing the

3

prisoner to "check the appropriate box and return this form to the Facility Grievance Specialist").

In response, McGraw raises several arguments. First, McGraw argues the defendants' summary judgment motion should be denied as untimely because they did not file it before the court's deadline of May 17, 2021. ECF 31 at 2. However, the defendants initially filed their summary judgment motion on May 17, 2021, and the court denied the motion with leave to refile by June 4, 2021, due to an incorrect Appendix C notice. ECF 22, 23. The defendants then refiled their summary judgment motion on June 4, 2021. ECF 24. Thus, the defendants' summary judgment motion was timely filed.

Second, McGraw argues he attempted to submit a Level II appeal to the Department Grievance Manager for each of his grievances because he signed and dated the box requesting a Level II appeal on June 26, 2018, at the time he submitted his Level I appeals. ECF 31-2 at 3-4. However, it is undisputed the Warden did not deny McGraw's Level I appeals until July 3, 2018, and July 5, 2018. *See* ECF 24-5, 24-6. Thus, McGraw cannot show he exhausted his remedies by attempting to file a Level II appeal before his Level I appeal had been denied. *See* ECF 24-2 at 12 ("[i]f the offender wishes to appeal the Warden's/designee's appeal response [to the Department Grievance Manager], the offender shall check the 'Disagree' box, sign, and submit the completed State Form 45473, 'Offender Grievance Appeal,' and any additional, pertinent documentation to the Offender Grievance Specialist within five (5) business days of receipt of the Warden's/designee's appeal response"); *Pozo*, 286 F.3d at 1025 ("[t]o

4

exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). McGraw provides no evidence he returned the appeal form to the Facility Grievance Specialist or made any other attempt to submit a Level II appeal to the Department Grievance Manager at any point after the Warden denied his Level I appeal.

Lastly, McGraw argues generally that prison officials hindered his access to the grievance process by failing to respond to his pleas for help, ignoring his requests to provide him with copies of his grievances, and refusing to help him with his grievance appeals. ECF 31-2 at 4-6, 9. However, McGraw still does not assert he ever attempted to submit a Level II appeal to the Department Grievance Manager after the Warden denied his Level I appeals. Moreover, McGraw does not explain how he needed assistance to file his Level II appeal nor how the alleged failure to give him copies of his grievances interfered with the filing of that Level II appeal. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough") (quotation marks, brackets, and citation omitted).

Accordingly, it is undisputed McGraw never submitted a Level II appeal to the Department Grievance Manager after his Level I appeals were denied by the Warden, which is a necessary step under the Offender Grievance Process. Thus, the undisputed

5

facts show McGraw did not exhaust his administrative remedies prior to filing this lawsuit.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 24);

(2) DENIES Raymond McGraw's cross motion for summary judgment (ECF 37); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Raymond McGraw and to close this case.

SO ORDERED on November 1, 2021

/s/JON E. DEGUILIO
Chief Judge
United States District Court