UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND MCGRAW,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-349-JD-MGG

LOWE and LONG,

    Defendants.

OPINION AND ORDER

Raymond McGraw, a prisoner without a lawyer, moves the court for reconsideration of the court's order granting summary judgment in favor of the defendants. ECF 55. The court granted the defendants' summary judgment motion because the undisputed facts showed McGraw did not exhaust his administrative remedies before filing suit. ECF 53. Specifically, the court determined: (1) McGraw did not exhaust any of his formal grievances because it was undisputed he did not submit Level II appeals after his Level I appeals were denied; (2) McGraw could not show exhaustion by arguing he submitted Level II appeals before his Level I appeals had been denied; and (3) McGraw's argument that prison officials hindered his access to the grievance process by failing to respond to his pleas for help, ignoring his requests to provide him with copies of grievances, and refusing to help him with his grievance appeals did not show the grievance process was unavailable to McGraw. *Id.* at 3-5.

In his motion for reconsideration, McGraw reiterates many of the same arguments from his summary judgment response, arguing that: (1) the defendants

refused to send him copies of his grievances; (2) the defendants failed to respond to certain grievances; (3) prison staff ignored his requests for help; and (4) he submitted Level II appeals before his Level I appeals had been denied. ECF 55 at 2-5. However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). McGraw also argues for the first time that he was unable to submit a Level II appeal because the grievance officer "held his grievance appeal in her possession for months." ECF 55 at 5. But McGraw cannot raise this argument for the first time in a motion for reconsideration. *See Publishers Resource v. Walker–Davis Publications*, 762 F.2d 557, 561 (7th Cir. 1985) (holding that a motion for reconsideration cannot be used to introduce new evidence or arguments that could have been presented during the pendency of the previous motion). Thus, McGraw has not provided any argument that warrants reconsideration of the court's order granting summary judgment in favor of the defendants.

For these reasons, the motion to reconsider (ECF 55) is DENIED.

SO ORDERED on December 10, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT